IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00233-CV

 

Joe L. Sanders, Jr. and Wife

Kathy F. Sanders,

                                                                                    Appellants

 v.

 

HOUSEHOLD MORTGAGE SERVICES, INC. 

AND Mortgage Electronic Registration 

Systems, Inc.,

                                                                                    Appellees

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2005-2618-1

 



abatement for mediation ORDER










 

            Appellants, Joe and Kathy Sanders,
noted in their docketing statement filed on August 13, 2007 that this appeal
may be appropriate for mediation, a form of alternative dispute resolution.

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy
behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellants are ordered to file a notice with the Clerk of this Court
which either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate party
to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without
fee, the mediator must negotiate a reasonable fee with the parties, and the
parties must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived.

            We abate this appeal for mediation. 

 

                                                                        PER
CURIAM

 

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed August 22, 2007

Do
not publish